IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02559-BNB

NICKY L. SMITH,
          Plaintiff,

v.

CPT. SCOTT GIBSON, and
WARDEN KEVIN MILYARD,
          Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 1 7 2010

GREGORY C. LANGHAM
                        CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Nicky L. Smith, is a prisoner in the custody of the Colorado Department

of Corrections at the Sterling Correctional Facility in Sterling, Colorado.  Mr. Smith has

filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights

under the United States Constitution have been violated.  The court must construe the

complaint liberally because Mr. Smith is not represented by an attorney.  *See Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*,

935 F.2d at 1110.  For the reasons stated below, Mr. Smith will be ordered to file an

amended complaint if he wishes to pursue his claims in this action.

Mr. Smith alleges in the complaint that he was subjected to excessive force that

caused serious physical injuries on February 19, 2009, and that Defendant Gibson

participated in the alleged use of excessive force.  The Court construes this claim as an

Eighth Amendment claim against Defendant Gibson.  However, Mr. Smith fails to assert

any claim against Defendant Milyard, the prison warden, or to allege any facts that

implicate Defendant Milyard in the alleged use of excessive force.  Therefore, Mr. Smith

will be ordered to file an amended complaint if he wishes to pursue any claim against

Defendant Milyard.

Mr. Smith is advised that the general rule that *pro se* pleadings must be

construed liberally has limits and "the court cannot take on the responsibility of serving

as the litigant's attorney in constructing arguments and searching the record." ***Garrett***

***v. Selby Connor Maddux & Janer***, 425 F.3d 836, 840 (10th Cir. 2005).  In order to

state a claim in federal court, Mr. Smith "must explain what each defendant did to him or

her; when the defendant did it; how the defendant's action harmed him or her; and, what

specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two***

***Unknown B.I.C.E. Agents***, 492  F.3d 1158, 1163 (10th Cir. 2007).  Personal

participation is an essential allegation in a civil rights action. ***See Bennett v. Passic***,

545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Smith

must show that each Defendant caused the deprivation of a federal right. ***See***

***Kentucky v. Graham***, 473 U.S. 159, 166 (1985).  There must be an affirmative link

between the alleged constitutional violation and each Defendant's participation, control

or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053,

1055 (10th Cir. 1993).  A Defendant may not be held liable for the unconstitutional

conduct of his or her subordinates on a theory of respondeat superior. ***See Ashcroft v.***

***Iqbal***, 129 S. Ct. 1937, 1948 (2009).  Furthermore,

> when a plaintiff sues an official under ***Bivens*** or § 1983 for
> conduct "arising from his or her superintendent
> responsibilities," the plaintiff must plausibly plead and
> eventually prove not only that the official's subordinates
> violated the Constitution, but that the official by virtue of his

2

own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 129 S.

Ct. at 1949). Therefore, in order to succeed in a § 1983 suit against a government

official for conduct that arises out of his or her supervisory responsibilities, a plaintiff

must allege and demonstrate that: "(1) the defendant promulgated, created,

implemented or possessed responsibility for the continued operation of a policy that (2)

caused the complained of constitutional harm, and (3) acted with the state of mind

required to establish the alleged constitutional deprivation." *Id*. at 1199. Accordingly, it

is

ORDERED that Mr. Smith file **within thirty (30) days from the date of this**

**order** an amended complaint that complies with this order if he wishes to pursue any

claims against Defendant Milyard in this action. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Smith, together with

a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Smith fails to file an amended complaint that

complies with this order to the court's satisfaction within the time allowed, Defendant

Milyard will be dismissed as a party to this action without further notice.

DATED November 17, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-02559-BNB

Nicky L. Smith
Prisoner No.  98861
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of the
Prisoner Complaint** to the above-named individuals on _11/17/10_

GREGORY C. LANGHAM, CLERK

By _____
                 Deputy Clerk